# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY PEARCE, individually and on behalf of all others similarly situated, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION |
| MARK KARPELES, an individual, | : |
| | : No. 15-00306(RK) |
| Defendant. | : |

## DECLARATION OF MARK KARPELES

I, Mark Karpeles declare as follows:

1. I am over the age of eighteen years and I am competent to testify in this matter. If called to testify in this matter, and permitted to leave Japan, I could and would competently testify as to the matters set forth in this Declaration, as I know them to be true based upon my personal knowledge.

2. I am a citizen of the nation of France.

3. I am currently a resident of Japan.

4. I have never resided in Pennsylvania, owned property in Pennsylvania, or paid taxes in Pennsylvania.

5. I do not maintain an office in Pennsylvania nor do I have any employees in Pennsylvania.

6. I was the sole shareholder of Tibanne KK, which owns eighty-eight (88) percent of the shares of Mt. Gox.

7. From 2011 to 2014, I functioned as the President and CEO of Mt. Gox.

8. I have never visited Pennsylvania in either my personal capacity or in my former capacity of President and CEO of Mt. Gox or as the sole shareholder of Tibanne KK.

9. Mt. Gox was never registered to do business in Pennsylvania, did not maintain an office in Pennsylvania, and had no employees in Pennsylvania. To create an account with Mt. Gox, users were not required to provide any detailed information, but users whose activity reached a certain threshold were required to provide additional documentation, including their full name, date of birth, country of birth, physical address, and proof of identity.

10. While Plaintiff claims, he "paid transaction fees to Mt. Gox on every trade, in part, to be able to buy, sell, trade, and withdrawn bitcoins, and also, in part, to maintain and protect his bitcoins," the Plaintiff is wrong. Transaction fees are merely trade fees connected with a trade made by a customer. They do not include withdrawal fees (taken separately) and any of the other items or protections Plaintiff identifies.

11. Mt. Gox did not engage in any advertising targeted at Pennsylvania.

12. Mt. Gox did not engage in any nationwide advertising in the United States of America.

13. There was never a specific decision that Mt. Gox would operate or conduct business in Pennsylvania.

14. Mt. Gox had approximately 40-50 employees in Tokyo, Japan, approximately 100 contractors in India, and 1 contractor in each of the United Kingdom and Peru.

15. Mt. Gox had a total of over 1,000,000 accounts. Mt. Gox has over 450,000 addresses associated with those accounts. Of those addresses, 19,208 had a zip code which started with 15, 16, 17, 18, or 19, which I understand are associated with Pennsylvania. That is approximately 2% of all accounts and approximately 4% of those accounts with addresses.

16. I personally did not know whether or how many account-holders were located in Pennsylvania at the times referenced in the Complaint.

17. I have never met, spoken to, or corresponded with the named Plaintiff in this suit.

18. I did not direct any advertising on behalf of Mt. Gox.

19. I was not responsible for Mt. Gox's day-to-day accounting. In fact, during the subject time period and at all times prior, Mt. Gox had an external accounting firm handling its accounting needs.

20. I did not oversee messaging from the Customer Service and Support Desk functions of the Mt. Gox website. Mt. Gox, at all times relevant to the Complaint, employed a public relations firm to handle press releases.

21. I never commingled Mt. Gox Funds with my own personal funds or vice versa.

22. In mid-2013, Mizuho Bank was one of the banks processing deposits and withdrawals made by Mt. Gox users located in the United States. Customers directly deposited funds to an account at Mizuho Bank in Japan.

23. Mt. Gox observed all corporate formalities and kept corporate records.

24. Mt. Gox was not undercapitalized.

25. I did not divert any assets from Mt. Gox.

26. I have never been involved in litigation in Pennsylvania.

27. It would be a significant financial burden to continuously travel to the United States and the Commonwealth of Pennsylvania to defend this matter.

28. On or around February 24th, 2014, users were no longer able to access or view their accounts. On February 28, 2014, Mt. Gox filed for bankruptcy protection in Japan. The Mt. Gox bankruptcy proceedings in Japan are now civil rehabilitation proceedings.

29. Former Mt. Gox account holders can submit claims for their lost funds to the civil rehabilitation proceedings and will likely be reimbursed with bitcoin and bitcoin cash.

30. I have not, as an individual, had minimum contacts with or a physical presence in the Commonwealth of Pennsylvania.

I do hereby declare, under penalty of perjury under the law that the foregoing is true, accurate and correct to the best of my knowledge.

Executed on the date of: April 18th 2019

Signature MARK KARPELES